UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 02 1998

JAMES W McCORMACK, CLERK

By: _____ DEP. CLERK

| | |
|---|---|
| POULTRY INTERNATIONAL, LTD. a British Virgin Island Corporation, Plaintiff, v. TYSON FOODS, INC. a Delaware Corporation, Defendant. | Civil Action No. LR-C-971030 |

## ANSWER AND COUNTERCLAIM

### ANSWER

Comes now the defendant, Tyson Foods, Inc. ("Tyson"), and for its Answer to plaintiff's Complaint, states and alleges as follows, to-wit:

### NATURE OF ACTION

1.  Defendant admits that plaintiff's Complaint purports to state causes of action for breach of an alleged exclusive agency agreement, promissory estoppel and unjust enrichment. Defendant denies each and every remaining allegation contained and set forth in paragraph 1 of plaintiff's Complaint.

1



DOCUMENT NUMBER 28

JAMES W. McCORMACK CLERK OF COURT

## THE PARTIES

2. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained and set forth in paragraph 2 of plaintiff's Complaint and, therefore, those allegations are denied.

3. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained and set forth in paragraph 3 of plaintiff's Complaint and, therefore, those allegations are denied. Pleading further, defendant asserts, on information and belief, that during the times relevant to this lawsuit, WKM was mainly involved in the aircraft parts business, not product promotions and development.

4. Defendant admits the allegations contained and set forth in paragraph 4 of plaintiff's Complaint.

5. Defendant admits the allegations contained and set forth in paragraph 5 of plaintiff's Complaint.

6. Defendant admits that Sandy Hamilton served as Tyson's Director of International Marketing from June, 1991 through January, 1992, and that he was succeeded by Charles Clark. Defendant further admits that Larry Jenkins was formerly employed by Tyson. Defendant lacks sufficient information with which to form a belief with regard to the remaining allegations contained and set forth in paragraph 6 of plaintiff's Complaint and, therefore, those allegations are denied.

7. Defendant admits that Neal Carey was the International Division's Director of Sales during the early 1990's. Defendant

lacks sufficient information with which to form a belief with regard to the remaining allegations contained and set forth in paragraph 7 of plaintiff's Complaint and, therefore, those allegations are denied.

    8. Defendant admits that Wayne Britt was Tyson's Chief Financial Officer. Defendant denies each and every remaining allegation contained and set forth in paragraph 8 of plaintiff's Complaint.

    9. Defendant admits that Roy Brown was Vice President of International Sales for Tyson. Defendant denies each and every remaining allegation contained and set forth in paragraph 9 of plaintiff's Complaint.

    10. Defendant admits that William Kuckuck was Vice President of International Sales and Marketing for Tyson. Defendant denies each and every remaining allegation contained and set forth in paragraph 10 of plaintiff's Complaint.

    11. Defendant admits that Mike Morrison was Vice President of International Sales for Tyson. Defendant denies each and every remaining allegation contained and set forth in paragraph 11 of plaintiff's Complaint.

    12. Defendant denies each and every allegation contained and set forth in paragraph 12 of plaintiff's Complaint. Pleading further, defendant states that Steven Leung has been a Regional Marketing Manager in Hong Kong since April, 1995.

## JURISDICTION

13. Defendant denies that this Court has subject matter jurisdiction.

14. Defendant admits that this Court has personal jurisdiction over it.

15. Defendant admits that venue is proper, but denies that this venue is most convenient.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16. Defendant denies that PIL is primarily dedicated to the Tyson business in Indonesia. Defendant lacks sufficient information with which to form a belief with regard to the remaining allegations contained and set forth in paragraph 16 of plaintiff's Complaint and, therefore, those allegations are denied.

17. Defendant admits that it desired to sell products in Indonesia and that it had not sold product in Indonesia before 1991. Defendant denies each and every remaining allegation contained and set forth in paragraph 17 of plaintiff's Complaint.

18. Defendant admits that discussions took place between its personnel and David Finneran and George Mercadale. Defendant denies each and every remaining allegation contained and set forth in paragraph 18 of plaintiff's Complaint. Pleading further, defendant states that David Finneran and George Mercadale represented themselves as executives of WKM.

19. Defendant admits that Sandy Hamilton visited Indonesia. Defendant lacks sufficient information with which to form a belief

4

with regard to the allegation as to whether Sandy Hamilton was the first employee to visit Indonesia. Defendant denies each and every remaining allegation contained and set forth in paragraph 19 of plaintiff's Complaint.

20. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained and set forth in paragraph 20 of plaintiff's Complaint and, therefore, those allegations are denied.

21. Defendant admits that it invited David Finneran and Bill Busch to Arkansas to meet with Tyson regarding development of its Indonesian market, and that a member of Indonesia's Ministry of Agriculture in charge of Quarantine also visited Tyson facilities in Arkansas at the same time. Defendant denies each and every remaining allegation contained and set forth in paragraph 21 of plaintiff's Complaint.

22. Defendant denies each and every allegation contained and set forth in paragraph 22 of plaintiff's Complaint.

23. Defendant admits that it signed a letter of appointment dated December 3, 1991. Defendant denies each and every remaining allegation contained and set forth in paragraph 23 of plaintiff's Complaint.

24. Defendant admits that the letter of December 3, 1991 identifies PIL as its sole representative for the country of Indonesia. Defendant denies each and every remaining allegation contained and set forth in paragraph 24 of plaintiff's Complaint.

25. Defendant states that the letter of appointment speaks

for itself. Defendant denies each and every remaining allegation contained and set forth in paragraph 25 of plaintiff's Complaint.

26. Defendant admits that PIL's performance under the letter of appointment was to take place in Indonesia. Defendant denies each and every remaining allegation contained and set forth in paragraph 26 of plaintiff's Complaint.

27. Defendant denies that David Finneran and Bill Busch physically relocated to Indonesia to perform services on behalf of Tyson. Defendant lacks sufficient information with which to form a belief with regard to the remaining allegations contained and set forth in paragraph 27 of plaintiff's Complaint, and therefore, those allegations are denied.

28. Defendant denies each and every allegation contained and set forth in paragraph 28 of plaintiff's Complaint.

29. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained and set forth in paragraph 29 of plaintiff's Complaint and, therefore, those allegations are denied.

30. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained and set forth in paragraph 30 of plaintiff's Complaint and, therefore, those allegations are denied.

31. Defendant denies each and every allegation contained and set forth in paragraph 31 of plaintiff's Complaint.

32. Defendant admits that during early 1992 Sandy Hamilton's job was eliminated. Defendant denies each and every remaining

allegation contained and set forth in paragraph 32 of plaintiff's Complaint.

33. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained and set forth in paragraph 33 of plaintiff's Complaint and, therefore, those allegations are denied.

34. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained and set forth in paragraph 34 of plaintiff's Complaint and, therefore, those allegations are denied. Pleading further, defendant states, upon information and belief, that under Indonesian law PIL could not have legally performed the alleged acts.

35. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained and set forth in paragraph 35 of plaintiff's Complaint and, therefore, those allegations are denied. Pleading further, defendant states, upon information and belief, that under Indonesian law PIL could not have legally performed the alleged acts.

36. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained and set forth in paragraph 36 of plaintiff's Complaint and, therefore, those allegations are denied. Pleading further, defendant states, upon information and belief, that under Indonesian law PIL could not have legally performed the alleged acts.

37. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained and set forth in

7

paragraph 37 of plaintiff's Complaint and, therefore, those allegations are denied. Pleading further, defendant states, upon information and belief, that under Indonesian law PIL could not have legally performed the alleged acts.

38. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained and set forth in paragraph 38 of plaintiff's Complaint and, therefore, those allegations are denied. Pleading further, defendant states, upon information and belief, that under Indonesian law PIL could not have legally performed the alleged acts.

39. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained and set forth in paragraph 39 of plaintiff's Complaint and, therefore, those allegations are denied. Pleading further, defendant states, upon information and belief, that under Indonesian law PIL could not have legally performed the alleged acts.

40. Defendant admits that it received orders from Kentucky Fried Chicken and Burger King. Defendant denies each and every remaining allegation contained and set forth in paragraph 40 of plaintiff's Complaint.

41. Defendant denies each and every allegation contained and set forth in paragraph 41 of plaintiff's Complaint.

42. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained and set forth in paragraph 42 of plaintiff's Complaint and, therefore, those allegations are denied.

43. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained and set forth in paragraph 43 of plaintiff's Complaint and, therefore, those allegations are denied. Pleading further, defendant states, upon information and belief, that under Indonesian law PIL could not have legally performed the alleged acts.

44. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained and set forth in paragraph 44 of plaintiff's Complaint and, therefore, those allegations are denied.

45. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained and set forth in paragraph 45 of plaintiff's Complaint and, therefore, those allegations are denied. Pleading further, defendant states, upon information and belief, that under Indonesian law PIL could not have legally performed the alleged acts.

46. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained and set forth in paragraph 46 of plaintiff's Complaint and, therefore, those allegations are denied.

47. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained and set forth in paragraph 47 of plaintiff's Complaint and, therefore, those allegations are denied.

48. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained and set forth in

paragraph 48 of plaintiff's Complaint and, therefore, those allegations are denied. Pleading further, defendant states, upon information and belief, that under Indonesian law PIL could not have legally performed the alleged acts.

49. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained and set forth in paragraph 49 of plaintiff's Complaint and, therefore, those allegations are denied. Pleading further, defendant states, upon information and belief, that under Indonesian law PIL could not have legally performed the alleged acts.

50. Defendant admits that by letter of May 8, 1996, it notified PIL that it would no longer provide quarterly marketing allowances. Defendant denies each and every remaining allegation contained and set forth in paragraph 50 of plaintiff's Complaint.

51. Defendant denies each and every allegation contained and set forth in paragraph 51 of plaintiff's Complaint.

52. Defendant denies each and every allegation contained and set forth in paragraph 52 of plaintiff's Complaint.

53. Defendant admits that in May, 1996, Tyson personnel met with Japfa personnel, and that representatives of PIL were not present. Defendant denies each and every remaining allegation contained and set forth in paragraph 53 of plaintiff's Complaint.

54. Defendant admits that after meetings between Tyson and Japfa, a Memorandum of Understanding was signed between those two parties and that PIL was not a party to the Memorandum of Understanding. Defendant denies each and every remaining

allegation contained and set forth in paragraph 54 of plaintiff's Complaint.

55. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained and set forth in paragraph 55 of plaintiff's Complaint and, therefore, those allegations are denied.

56. Defendant admits that it has ceased to do business with PIL. Defendant denies each and every remaining allegation contained and set forth in paragraph 56 of plaintiff's Complaint.

57. Defendant denies each and every allegation contained and set forth in paragraph 57 of plaintiff's Complaint.

58. Defendant denies each and every allegation contained and set forth in paragraph 58 of plaintiff's Complaint.

59. Defendant denies each and every allegation contained and set forth in paragraph 59 of plaintiff's Complaint.

## COUNT I

### Alleged Breach of Contract

60. Defendant realleges and incorporates herein by reference its responses to paragraphs 1-59 as its answer to paragraph 60 of plaintiff's Complaint.

61. Defendant denies each and every allegation contained and set forth in paragraph 61 of plaintiff's Complaint.

62. Defendant states that the letter of appointment speaks for itself. Defendant denies each and every remaining allegation contained and set forth in paragraph 62 of plaintiff's Complaint.

63. Defendant admits that it made certain payments to PIL. Defendant denies each and every remaining allegation contained and set forth in paragraph 63 of plaintiff's Complaint. Pleading further, defendant states, upon information and belief, that under Indonesian law PIL could not have legally done the alleged acts.

64. Defendant denies each and every allegation contained and set forth in paragraph 64 of plaintiff's Complaint. Defendant states, upon information and belief, that under Indonesian law PIL could not have legally done the alleged acts.

65. Defendant denies each and every allegation contained and set forth in paragraph 65 of plaintiff's Complaint.

66. Defendant denies each and every allegation contained and set forth in paragraph 66 of plaintiff's Complaint.

67. Defendant denies each and every allegation contained and set forth in paragraph 67 of plaintiff's Complaint.

## COUNT II

### Alleged Promissory Estoppel

68. Defendant realleges and incorporates by reference its responses to paragraphs 1-59 as its Answer to paragraph 68 of plaintiff's Complaint.

69. Defendant denies each and every allegation contained and set forth in paragraph 69 of plaintiff's Complaint.

70. Defendant denies each and every allegation contained and set forth in paragraph 70 of plaintiff's Complaint.

71. Defendant denies each and every allegation contained and set forth in paragraph 71 of plaintiff's Complaint.

### COUNT III

#### Alleged Unjust Enrichment

72. Defendant realleges and incorporates by reference its responses to paragraphs 1-59 as its Answer to paragraph 72 of plaintiff's Complaint.

73. Defendant denies each and every allegation contained and set forth in paragraph 72 of plaintiff's Complaint. Defendant states, upon information and belief, that under Indonesian law PIL could not have legally done the alleged acts.

74. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained in paragraph 74 of plaintiff's Complaint and, therefore, those allegations are denied. Defendant states, upon information and belief, that under Indonesian law PIL could not have legally done the alleged acts.

75. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained in paragraph 75 of plaintiff's Complaint and, therefore, those allegations are denied. Defendant states, upon information and belief, that under Indonesian law PIL could not have legally done the alleged acts.

76. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained in paragraph 76 of plaintiff's Complaint and, therefore, those allegations are denied. Defendant states, upon information and belief, that under

Indonesian law PIL could not have legally done the alleged acts.

77. Defendant lacks sufficient information with which to form a belief with regard to the allegations contained in paragraph 77 of plaintiff's Complaint and, therefore, those allegations are denied. Defendant states, upon information and belief, that under Indonesian law PIL could not have legally done the alleged acts.

78. Defendant denies each and every allegation contained and set forth in paragraph 78 of plaintiff's Complaint.

79. Pleading further and in the affirmative, defendant asserts the following affirmative defenses:

1. The Complaint fails to state a claim for which relief can be granted.

2. PIL materially breached its contract with Tyson by, *inter alia*, using Tyson trademarks, brand names and other Tyson intellectual property without authorization.

3. Upon information and belief, PIL has failed to mitigate its alleged damages.

4. This action should be dismissed because PIL has failed to join an indispensable party.

5. The Complaint should be dismissed because, on information and belief, the alleged agreement would be illegal under Indonesian law.

6. PIL fraudulently induced Tyson to enter into a letter of appointment with a non-Indonesian party that, on information and belief, could not lawfully provide the services that PIL represented that it could perform.

7. PIL has failed to satisfy all necessary conditions precedent for a viable claim of breach of contract against Tyson.

8. PIL's breach of contract claim should be dismissed because there was never a binding contract between PIL and Tyson.

9. PIL's equitable claims of promissory estoppel and unjust enrichment should be dismissed because PIL has unclean

14

hands and the equities do not support PIL's claims.

    10. This action should be dismissed because it was not filed
        within the period permitted by the applicable statute of
        limitations.

WHEREFORE, PREMISES CONSIDERED, defendant prays that the Complaint of the plaintiff be dismissed with prejudice and that it be awarded any and all other relief to which it might be entitled.

### COUNTERCLAIM

    1.   The counter-claimant, Tyson, is incorporated under the laws of the State of Delaware and has its principal place of business in Arkansas. The counterclaim defendant, PIL, is a citizen or subject of a foreign state. The amount in controversy exceeds $75,000 exclusive of interest and costs. The Court has subject matter jurisdiction over Tyson's counterclaims pursuant to 28 U.S. Code § 1332(a)(2). The Court further has jurisdiction under Fed. R. Civ. P. 13.

    2.   During 1991, Tyson and agents and employees of PIL, including Messrs. Finneran, Busch and Mercadale, discussed Tyson's interest in having its products introduced into the Indonesian market.

    3.   During those discussions, agents and employees of PIL, including Messrs. Finneran, Busch and Mercadale, falsely represented to Tyson that PIL could represent Tyson in Indonesia, including, but not limited to, distribution of Tyson's products within Indonesia.

    4.   During those discussions, agents and employees of PIL,

including Messrs. Finneran, Busch and Mercadale, falsely represented to Tyson that under Indonesian law Tyson was required to appoint a sole representative for the purposes of promoting its products in Indonesia.

5. Unknown to Tyson at the time of the discussions, on information and belief, under Indonesian law PIL could not lawfully perform services that it falsely represented that it could perform.

6. Tyson reasonably relief on PIL's false representations, including its professed expertise in promotional activity in the Indonesian market and its professed capacity to perform the services that PIL claimed that it could perform.

7. As a result of PIL's material misrepresentations and omissions, on 3 December 1991, Tyson signed a Letter of Appointment with PIL appointing PIL as Tyson's representative in Indonesia for the purpose of introducing Tyson's products into the Indonesian market. On information and belief, because of PIL's false and fraudulent representations, Tyson did not realize that its appointment of PIL was illegal under Indonesian law.

8. PIL fraudulently induced Tyson to enter into a business relationship with PIL.

9. Upon information and belief, PIL represented Tyson Foods illegally in Indonesia during the term of the parties' relationship, jeopardizing Tyson's goodwill with the Indonesian marketplace and government.

10. As a consequence of PIL's illegal conduct, Tyson suffered injuries for which it is entitled to compensatory damages.

WHEREFORE, Tyson Foods, Inc. respectfully requests that the Court:

A. Enter judgment in its favor and against PIL in all counterclaims;

B. Award compensatory damages in an amount to be determined at trial;

C. Award Tyson its costs; and

D. Grant Tyson such other relief as may be just and proper.

                                        Respectfully submitted,

                                        TYSON FOODS, INC.

BY: _____
                                        GARY V. WEEKS (#88013)
                                        BASSETT LAW FIRM
                                        P.O. Box 3618
                                        Fayetteville, AR  72702
                                        (501) 521-9996

                                        B. THOMAS PEELE
                                        JOHN W. POLK
                                        JULIAN D. SCHREIBMAN
                                        BAKER & McKENZIE
                                        815 Connecticut Ave., NW
                                        Washington, DC  20006
                                        (202) 452-7000

                                        Attorneys for Defendant

## CERTIFICATE OF SERVICE

    This is to certify that I have this day served counsel for all parties in the foregoing matter with a copy of this pleading by depositing in the United States mail a copy properly addressed with adequate postage thereon.

This __30__ day of __October_____, 1998.

| | |
|---|---|
| Kip Schwartz | J. Thomas Ray |
| Schults, Ray & Kurrus | Schults, Ray & Kurrus |
| Suite 400 | 200 W. Capitol Ave. |
| 2100 Pennsylvania Ave., NW | 16000 Boatman's Bank Building |
| Washington, D.C. 20037 | Little Rock, AR  72201-3637 |

_____
GARY V. WEEKS